IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| OSI SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | Civil Case No. 1:20-cv-01577 |
| ) | |
| KM-LOGIX, LLC, MAROS KMEC, ) | |
| LINDA KMEC, and ALIONA BEJENUTA ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants KM-Logix, LLC, Maros Kmec, and Linda Kmec's Motion for Summary Judgment and Defendant Aliona Bejenuta's Motion for Summary Judgment.

Plaintiff, OSI Systems, Inc. ("OSI") brought this federal trade secrets case against KM-Logix, LLC, its owner Maros Kmec, and his wife Linda Kmec ("the Kmec Defendants") alleging Defendants misappropriated trade secrets to create a copycat website of OSI's in-house analytics tool, the FAR Compliance Portal ("the Portal"). OSI further alleges Aliona Bejenuta, a former employee of OSI, disclosed OSI trade secrets to the Kmecs, enabling Mr. Kmec to build his website, FARclause.com.

OSI is a California based company that develops security and inspection systems, often contracting with the federal government. Defendant Maros Kmec is the sole owner, manager, and

1

employee of KM-Logix, LLC, a Virginia limited liability company. Both Kmec Defendants have experience managing government contracts, but Ms. Kmec plays no role in KM-Logix. KM-Logix operates FARclause.com, a website created by Mr. Kmec that OSI claims is a copycat version of OSI's the Portal.

Both KM-Logix's FARclause.com and OSI's Portal track compliance with the Federal Acquisition Regulations ("FAR Clauses"; codified at 48 C.F.R. Chaps. 1-53 and 99). FAR Clauses provide the primary rules governing the Federal Government's procurement of goods and services including the standardized contract provisions which government contracting officers must include in federal contracts.

OSI released the Portal as an internal tool within the company in 2014 to coordinate and track compliance with FAR Clauses and other government regulations. OSI revised and completed the latest version of the Portal in the fall of 2019. The Portal is currently only available internally within OSI. Defendant Bejenuta began working for OSI as a senior contracts manager on July 5, 2016. During Ms. Bejenuta's employment, OSI recruited her to test an updated version of the Portal. Her employment ended on April 24, 2020 once OSI suspected Ms. Bejenuta of misappropriating its trade secrets.

Mr. Kmec claims he began work on FARclause.com in the summer of 2015. Mr. Kmec made his website publicly available in

2

November 2017 as Just-clause.com, eventually improving the application and changing the domain name to FARclause.com. FARclause.com is an analytical tool that allows government contracting officers to extract and organize FAR clauses from public contracts and solicitations.

In January 2020, OSI discovered FARclause.com while surveying potential competitors. OSI became concerned that FARclause.com shared numerous similarities with its Portal. OSI assumed that an OSI employee with access to the Portal shared information about the Portal with someone involved with creating FARclause.com. OSI suspected former employee Ms. Bejenuta because of her time testing the latest version of the Portal. OSI claims a relationship existed between the Kmec Defendants and Ms. Bejenuta.

On March 2, 2020, OSI filed a lawsuit against the Kmec Defendants in the Central District of California alleging misappropriation of trade secrets. The Kmec Defendants moved to dismiss the California lawsuit on the grounds that OSI failed to allege sufficient plausible facts, and that the court lacked personal jurisdiction over the Kmec Defendants. On August 31, 2020, the case was dismissed for lack of personal jurisdiction. OSI filed this action before this Court against the Kmec Defendants, adding Ms. Bejenuta as a co-defendant. This current action alleges the Kmecs and Ms. Bejenuta "shared information

and apparently obtained unauthorized access to OSI's Portal for the purpose of developing a copycat product." OSI seeks relief from all Defendants under the Defend Trade Secrets Act ("DTSA", 18 U.S.C. § 1836(b)), Virginia's Uniform Trade Secrets Act ("VUTSA", Va. Code § 59.1-336), the equitable remedy of unjust enrichment, and the common-law tort of conversion. OSI also seeks relief from Ms. Bejenuta claiming a breach of contract for allegedly disclosing trade secrets and inadvertently filing her Rule 26(a)(1) disclosure in violation of the protective order in this case. The inadvertent filing was a clerical error fixed within a couple of days by Ms. Bejenuta.

Ms. Bejenuta filed her Motion for Summary Judgment on August 13, 2021 and Defendants KM-Logix, LLC and the Kmec Defendants also filed a Motion for Summary Judgment on August 16, 2021. OSI responded in opposition to both motions. The Court finds there are no material facts in dispute and that this case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. *See Anderson*

4

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In this case, OSI's claim under the DTSA and VUTSA alleges that Ms. Bejenuta directly or indirectly misappropriated trade secrets to the Kmec Defendants; and the Kmec Defendants misappropriated OSI trade secrets in creating FARclause.com. However, OSI fails to present sufficient evidence to support these allegations. Similarly, OSI's common law claim of conversion and equitable claim of unjust enrichment fail because the trade secret statutes preempt both claims. As for the additional breach of contract count alleged against Ms. Bejenuta, OSI failed to show Ms. Bejenuta disclosed any information to the Kmec Defendants or that any third-party disclosure occurred due to Ms. Bejenuta inadvertently filing her Rule 26(a)(1) motion.

To obtain relief under the DTSA and VUTSA,[1] plaintiff must show that: "(1) it owns a trade secret; (2) the trade secret was misappropriated; and (3) the trade secret implicates interstate

---

[1] With the exception of element 3, which is not at issue in this case, the elements of a cause of action under the VUTSA are "nearly identical" to the federal DTSA. *See OROS, Inc. v. Dajani*, No. 1:19-CV-351, 2019 WL 2361047 (E.D. Va. 2019).

or foreign commerce." *See Space Sys./Loral, LLC v. Orbital ATK, Inc.*, 306 F. Supp. 3d 845, 853 (E.D. Va. 2018). Trade secret claims survive summary judgment only if supported by actual objective evidence, not mere inferences. *See Othentec, Ltd. v. Phelan*, 526 F.3d 35, 142 (4th Cir. 2008). OSI's misappropriation theories are speculative and lack any objective proof to survive summary judgment.

There is no evidence Defendants directly or indirectly misappropriated OSI trade secrets. The Supreme Court's decision in *Kewanee Oil Co. v. Bicron Corp.* held that for claims brought under the DTSA and VUTSA, misappropriation of a trade secret can occur either directly by someone entrusted with the secret, or indirectly through tortious or "improper means":

> "The protection accorded the trade secret holder is against the disclosure or unauthorized use of the trade secret by those to whom the secret has been confided under the express or implied restriction of nondisclosure or nonuse. The law also protects the holder of a trade secret against disclosure or use when the knowledge is gained, not by the owner's volition, but by some 'improper means,' Restatement of Torts s 757(a), which may include theft, wiretapping, or even aerial reconnaissance."

*Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475–76 (1974). Plaintiff must show that Defendants obtained trade secrets either directly from a trade secrets source or indirectly through improper means.[2] OSI's trade secret claims fail because

---

[2] The DTSA defines improper means as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy." 18 U.S.C. § 1839 (6)(A).

not only has OSI failed to present evidence that Defendants directly shared specific OSI trade secrets, but OSI also failed to demonstrate that Defendants acquired trade secrets through improper means.

OSI's claim fails without proof that Ms. Bejenuta shared trade secrets with the Kmec Defendants. While circumstantial evidence is often necessary in trade secrets cases, Rule 56 of the Federal Rules of Civil Procedure and the Due Process Clause place a limit on which inferences can be drawn from circumstantial evidence. A trade secrets theft case fails when a plaintiff cannot demonstrate a chronological, plausible explanation for its allegations. *See Trident Perfusion Assocs., Inc. v. Lesnoff*, 121 F.3d 700 (4th Cir. 1997). Mere speculation that Ms. Bejenuta and the Kmec Defendants conspired to use OSI trade secrets is not enough to sustain OSI's direct misappropriation claim. The claim lacks proof demonstrating a relationship, or at minimum, a sufficient connection between Ms. Bejenuta and the Kmec Defendants. The first and only evidence of communication between Ms. Bejenuta and the Kmec Defendants is a brief meeting at a child's birthday party in 2019. There is no further proof that the Portal was discussed during this encounter. Moreover, FARclause.com was running fifteen months prior to the birthday party.

7

OSI also fails to present proof of any indirect misappropriation by the Defendants. OSI does not allege that the Kmec Defendants indirectly misappropriated by "theft, wiretapping, or even aerial reconnaissance." *See Kewanee Oil*, 416 U.S. 475–76. Rather, OSI claims the Kmec Defendants acquired OSI trade secrets because Ms. Bejenuta admitted to sharing information about the Portal with non-OSI employees at a government contracting conference. However, there is no evidence that the Kmec Defendants were the non-OSI employees who received information about the Portal from Ms. Bejenuta, or that information shared with conference attendees trickled down to the Kmec Defendants.

Finally, OSI fails to demonstrate its theory that the similarities between the Portal and FARclause.com could only have occurred through Defendants misappropriating OSI trade secrets. OSI essentially argues a theory of res ipsa loquitur based on what OSI considers to be "striking similarities" between the Portal and FARclause.com. Because there are numerous differences between the Portal and FARclause.com as conceded by OSI, the similarities argument falls short of demonstrating misappropriation.

Moreover, OSI's argument that the similarities between the Portal and FARclause.com proves misappropriation fails without further proof that the alleged similarities resulted from

copying specifically identified trade secrets. A plaintiff must name, with particularity, each trade secret it claims was misappropriated. *See MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 418 (E.D. Va. 2004). The DTSA and VUTSA define trade secrets as being economically valuable to the owner and neither "generally known to" nor "readily ascertainable through proper means by" another person who could obtain economic value from the trade secret. *See* 18 U.S.C. § 1839(3); Va. Code § 59.1-336); *see also MicroStrategy*, 331 F. Supp. 2d 416. OSI alleges the Portal and FARclause.com share similar data structures and a variety of user interface elements but does not present any evidence that these structures and elements were not readily ascertainable through proper means. The Portal's compliance-tracking concepts were well-known in the government contracting business. Moreover, since both OSI and KM-Logix deal with government contracts and FAR Clauses, some similarities are inevitable. Thus, if the similarities between the two websites are not based on trade secrets, the misappropriation claim cannot survive summary judgment.

Beyond the similarities and differences between the two websites, Defendant KM-Logix presented sufficient evidence that Mr. Kmec independently developed FARclause.com. Under the DTSA, work independently derived is not misappropriation of trade secrets by "improper means." 18 U.S.C. § 1839(6)(B). Defendants

offered proof of Mr. Kmec independently developing FARclause.com in August 2015 and of his progress at various stages in FARclause.com's development. OSI did not present substantial evidence to rebut Mr. Kmec's claim of independent development.

As for OSI's conversion and unjust enrichment claims, the VUTSA preempts both claims. The VUTSA states that it "displaces conflicting tort, restitutionary, and other laws of this Commonwealth providing civil remedies for misappropriation of a trade secret." Va. Code § 59.1-341. Where a plaintiff's common law and equitable claims are predicated entirely on the misappropriation of trade secrets, the VUTSA preempts them. *See Space*, 306 F.Supp. 3d 845. OSI's counts of unjust enrichment and conversion mirror its violation of the VUTSA count by alleging the same facts, and thus cannot survive preemption.

OSI lacks sufficient evidence to sustain its claims of unjust enrichment and conversion. OSI has not demonstrated circumstances where the Kmecs were required to compensate OSI, or that Kmec Defendants received a benefit from OSI sufficient to sustain an unjust enrichment claim. OSI has also not shown that the Kmec Defendants exercised authority or asserted dominion over OSI property sufficient to sustain a conversion claim. Therefore, even if the unjust enrichment and conversion counts survive preemption, OSI lacks evidence to prove the elements of these counts.

10

Finally, there is insufficient proof that Ms. Bejenuta breached her OSI employment contract. OSI claims breach based on: 1) Ms. Bejenuta allegedly disclosing trade secrets to the Kmec Defendants; and 2) Ms. Bejenuta inadvertently filing her Rule 26(a)(1) disclosure in violation of the Protective Order. OSI fails to prove sufficient facts or damages for either allegation. There is no proof Ms. Bejenuta's Rule 26(a)(1) disclosure caused any third-party disclosure or damages to OSI before the pleading was removed from the docket. Moreover, OSI cannot impose respondeat superior liability in this case as respondeat superior liability does not apply to attorneys acting on behalf of clients. *See* William A. Gregory, The Law of Agency and Partnership § 52 at 118 (3rd ed. 2001). Thus, OSI's claim of breach of contract is not sustained by Ms. Bejenuta's inadvertent filing.

For the foregoing reasons, the Court finds both Defendants KM-Logix, LLC, Maros Kmec, and Linda Kmec's Motion for Summary Judgment and Defendant Aliona Bejenuta's Motion for Summary Judgment should be granted.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~November ——, 2021~~
Dec. 17, 2021

11